IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LANCE WHITE, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. 1:23-cv-01206-STA-jay |
| STATE OF TENNESSEE, | ) ) ) |
| Respondent. | ) ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DIRECTING RESPONDENT TO FILE RELEVANT PORTIONS OF STATE COURT RECORD AND LIMITED RESPONSE TO 28 U.S.C. § 2254 PETITION, DENYING MOTION TO CORRECT ILLEGAL SENTENCE, AND DENYING MOTION TO APPOINT COUNSEL**

On October 4, 2023, Petitioner Lance White, Tennessee Department of Correction ("TDOC") prisoner number 277601, an inmate currently incarcerated at the Gibson County Correctional Complex in Trenton, Tennessee, filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition").[1]  (ECF No. 1.)  He has also filed a Motion to Correct Illegal Sentence (ECF No. 5) and a Motion to Appoint Counsel

---

[1] A search of the TDOC website reveals that Petitioner's current status is "parole" and his assigned location is listed as the Dresden Probation and Parole Office.  *See Tennessee Felony Offender Information Lookup*, https://foil.app.tn.gov/foil/results.jsp (last visited Dec. 5, 2023).  His most recent filing before the Court, however, indicates that he is currently confined at the Gibson County Correctional Complex.  (*See* ECF No 10-1.)  Accordingly, the Clerk is **DIRECTED** to modify the docket to record Respondent as Paul Thomas, the Gibson County Sheriff.  *See* Habeas Rule 2(a) (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]").  The Clerk is further **DIRECTED** to terminate Respondent State of Tennessee, who is not a proper party to this action.  *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

(ECF No. 10).  Petitioner's § 2254 Petition is before the Court on preliminary review.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

On March 28, 2019, Petitioner was convicted in the Madison County Circuit Court of various offenses, including driving under the influence (DUI), fourth offense, in violation of Tenn. Code Ann. § 55-10-401.  (ECF 1-1 at PageID 17, 19; ECF No. 5-3 at PageID 37.)  He was sentenced on May 6, 2019, to an effective six-year sentence, which was to be served as eleven months and twenty-nine days of confinement at seventy-five percent release eligibility followed by five years of supervised probation.  *State v. White*, No. W202001367CCAR3CD, 2022 WL 557281, at *1 (Tenn. Crim. App. Feb. 24, 2022).  The state court judgment reflects that Petitioner received pretrial jail credit from April 27, 2018, to January 26, 2019, and from March 28, 2019, to May 6, 2019.  (ECF No. 5-3 at PageID 37.)

Petitioner's probation was revoked on July 22, 2020, and he was ordered to serve the remainder of his six-year sentence in confinement.  *White*, 2022 WL 557281, at *1.  Petitioner filed a *pro se* motion to correct his sentence in the state trial court, arguing that "based on his pretrial jail credit, he already had served eleven months, twenty-nine days at seventy-five percent release eligibility when he was sentenced on May 6, 2019; therefore, he should have been released on probation that day."  *Id*.  According to Petitioner, "instead of being released on probation, he remained in jail until May 13 and then was wrongfully placed in the Day Reporting Center."  *Id*. (internal quotation marks omitted).  The state trial court dismissed the motion, finding that Petitioner had failed to show that his sentences were illegal, among other reasons.  *Id*.

The Tennessee Court of Criminal Appeals (TCCA) dismissed Petitioner's appeal of the denial of his motion to correct his sentence.  *Id*. at * 2.  Though the State admitted that Petitioner was eligible for release on probation prior to being sentenced on May 6, 2019, the TCCA nonetheless concluded that Petitioner had failed to raise a claim for relief.  *Id*.  The TCCA

explained that Petitioner's motion to correct his sentence implicated Rules 36 and 36.1 of the Tennessee Rules of Criminal Procedure, but Petitioner had failed to "identify any clerical errors in his judgments of conviction [or] allege that his sentences were illegal." *Id*.

Petitioner raises the same claims in § 2254 Petition that he raised before the state trial court and the TCCA. (*See* ECF No. 1 at PageID 6, 8.) He contends that he is being held beyond his release date because, based on his pretrial jail credits, he should have been released on probation when he was sentenced on May 6, 2019. (*Id*. at PageID at 6.) He further contends that he was "wrongfully ordered to attend the reporting center" as part of his suspended sentence. (*Id*. at PageID 8.)

As noted, the TDOC lists Petitioner's status as "parole" and his location at the Dresden Probation and Parole Office. In his most recent filings before the Court, however, Petitioner's return address is for the Gibson County Correctional Complex. (*See* ECF No 10-1.) A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the Court with jurisdiction. 28 U.S.C. § 2254(a). Based on Petitioner's most recent filing, it is unclear whether he meets the "in custody" requirement for the sentence he challenges in his § 2254 Petition.

It is therefore **ORDERED**, pursuant to Rule 4 of the Habeas Rules, that Respondent file a limited response/answer to the § 2254 Petition addressing the relevant convictions and sentences and the status of Petitioner's custody for purposes of the § 2254 Petition no later than twenty-eight days from the entry of this Order. The answer shall include the relevant portions of the state court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28 U.S.C. § 2254(b)(1).[2]

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case

It is **ORDERED** that the Clerk shall send a copy of the petition (ECF No. 1) and this Order to Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Rule 5(e) of the Habeas Rules, Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

Petitioner's Motion to Correct Illegal Sentence (ECF No. 5) is **DENIED**. Petitioner relies on Tennessee Rule of Criminal Procedure 36.1 as the basis for his motion. (*Id*. at PageID 30.) A federal district court is without authority to adjudicate a motion based on state rules of criminal procedure. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (explaining that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States").

Petitioner's Motion to Appoint Counsel (ECF No. 10) is also **DENIED**. The Court is not persuaded that appointment of counsel would be in the interest of justice at this time. *See* 18 U.S.C. § 3006A(a)(2)(B). Pro se prisoners routinely file and litigate § 2254 petitions, and Petitioner has

---

Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed Dec. 5, 2023).

made no showing that his case is factually or legally complex or unusual. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

**IT IS SO ORDERED**.

                                s/ S. Thomas Anderson
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date: December 6, 2023