IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LANCE WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01206-STA-jay |
| ) | |
| PAUL THOMAS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING § 2254 PETITION, DENYING CERTIFICATE
OF APPEALABILITY, CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is Petitioner Lance White's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"). (ECF No. 1.) After review, the Court **DISMISSES** Petitioner's petition because he has completed both his custodial sentence and his probation, and his claims are now moot.

On March 28, 2019, Petitioner was convicted in the Madison County Circuit Court of various offenses, including driving under the influence (DUI), fourth offense, in violation of Tennessee Code Annotated § 55-10-401. (ECF No. 5-3 at PageID 37.) He was sentenced on May 6, 2019, to an effective six-year sentence, which was to be served as eleven months and twenty-nine days of confinement at seventy-five percent release eligibility followed by five years of supervised probation. (*Id*.) The state court judgment provides that "if after serving 150 days (day-for-day) Defendant is approved for the Daily Reporting Center, the Court will consider releasing him." (*Id*.) Additionally, the judgment reflects that Petitioner received pretrial jail credit

from April 27, 2018, to January 26, 2019, and from March 28, 2019, to May 6, 2019.  (ECF No. 5-3 at PageID 37.)

Petitioner's probation was revoked on July 22, 2020, and he was ordered to serve the remainder of his six-year sentence in confinement.  (ECF No. 14-1 at PageID 330.)  On August 31, 2020, Petitioner filed a *pro se* motion to correct his sentence in the state trial court.  (*Id*. at PageID 333-34.)  The trial court denied the motion on the same day.  (*Id*. at PageID 317-19.)

On September 10, 2020, Petitioner filed another *pro se* motion to correct his sentence, arguing that, based on his pretrial jail credit, he had already served eleven months, twenty-nine days at seventy-five percent release eligibility when he was sentenced on May 6, 2019; therefore, he should have been released on probation that day.  (ECF No. 14-1 at PageID 335-36.)  According to Petitioner, instead of being released on probation, he remained in jail until May 13 and then was "wrongfully placed in the Day Reporting Center."  (*Id*. at PageID 336.)  The state trial court dismissed the motion, finding that Petitioner had failed to show that his sentence was illegal, among other reasons.  (ECF No. 14-1 at PageID 347-49.)

Petitioner appealed the denial of his motion to the Tennessee Court of Criminal Appeals (TCCA).  *State v. White*, No. W2020-01367-CCA-R3-CD, 2022 WL 557281, at *1 (Tenn. Crim. App. Feb. 24, 2022).  He reasserted the arguments that he raised in the state trial court — that he was detained unlawfully for one week due to an error in calculating his pretrial jail credits and that "he should not have been in the Day Reporting Center program in the first place."  *Id*. at *2.  Though the State admitted that Petitioner was eligible for release on probation prior to being sentenced on May 6, 2019, the TCCA nonetheless concluded that Petitioner's appeal should be dismissed.  *Id*.

The TCCA explained that Petitioner had "failed to cite to any case law, statute, or rule in his appellate brief." *Id*.  Thus, he had failed to comply with both Tennessee Rule of Appellate Procedure 27(a)(7) and Tennessee Court of Criminal Appeals Rule 10(b), and his arguments were deemed waived. *Id*.  Petitioner did not file an application for discretionary review in the Tennessee Supreme Court.

Petitioner raises the same claims in his § 2254 Petition that he raised before the state trial court and the TCCA.  (*See* ECF No. 1 at PageID 6, 8.)  He contends that he was held beyond his release date because, based on his pretrial jail credits, he should have been released on probation when he was sentenced on May 6, 2019. (*Id*. at PageID at 6.)  He further contends that he was "wrongfully order[ed] to attend the reporting center" as part of his suspended sentence.  (*Id*. at PageID 8.)

The Court directed Respondent to file the state court record and a response to the § 2254 Petition (ECF No. 11), Respondent filed the state court record (ECF Nos. 13 & 14) and an answer (ECF No. 15).  Petitioner then filed an appeal from the Court's order directing a response. (ECF No. 17).  The Sixth Circuit dismissed the appeal for lack of jurisdiction.  (ECF No. 20.) Petitioner has not filed a reply, and the time for doing so has expired.[1]  (*See* ECF No. 11.)

According to the Tennessee Department of Correction ("TDOC"), Petitioner's sentence ended on March 15, 2024.  See TDOC Felony Offender Information, (ID No. 277601) (*last*

---

[1] Petitioner filed a "Response to § 2254 Petition," but this document was placed in the prison mail system on December 14, 2023, which was before Respondent's answer was filed on December 20, 2023. (*See* ECF Nos. 16 & 16-1.)  Thus, it cannot be construed as a reply.  Instead, the Court construes it as a memorandum in support of the § 2254 Petition.

*accessed* Apr. 8, 2024). Petitioner's current status is listed as "inactive" with the TDOC, and he has no assigned custody location.[2]

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id.*; *Demis v. Sniezek*, 558 F.3d 508, 512-13 (6th Cir. 2009).

Petitioner claims that he was unlawfully detained as a result of an error in calculating his pretrial jail credits. (ECF No. 1 at PageID 6.) He acknowledges, however, that he was released from custody on May 13, 2019, to begin probation. (*Id.* at PageID 6, 8.) Petitioner does not attack his underlying convictions; he argues only that he was held beyond his release date because, based

---

[2] When the Court entered its December 6, 2023 order, the TDOC listed Petitioner's status as "parole" and his location as the Dresden Probation and Parole Office. (ECF No. 11.)

on his pretrial jail credits, he should have been released on probation when he was sentenced on May 6, 2019.  (*Id*. at PageID at 6.)  Petitioner's unlawful detention for one week "is now over, and cannot be undone." *Spencer*, 523 U.S. at 8.  Thus, this claim is properly **DISMISSED** as moot.

Petitioner also argues that he was "wrongfully order[ed] to attend the reporting center" as part of his suspended sentence.  (ECF No. 1 at PageID 8.)  Petitioner's supervision status is "inactive," so he is no longer reporting to the day center.  This event "deprive[s] the court of the ability to give meaningful relief" from the reporting-center requirement.  *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004).  Petitioner's second claim is therefore **DISMISSED** as moot.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005).  The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner may not take an appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2)-(3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).  A COA does not require a showing that the appeal will succeed.  *Id*.

5

at 337.  Courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773.

Because Petitioner's claims are both moot, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).  In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is **DENIED**.[3]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE
Date: April 8, 2024

---

[3] If Petitioner files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.  *See* Fed. R. App. P. 24(a)(5).